UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NEW YORK LIFE INSURANCE COMPANY,

    Plaintiff

    -against-

SHUKTI SINGH and SEEMA SAHANI,

    Defendant.
-----------------------------------------------------------------x

14 cv 5726 (NG) (SMG)

ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 1 2 2016 ★
BROOKLYN OFFICE

**GERSHON, United States District Judge:**

In this interpleader action seeking resolution of conflicting claims to the proceeds of two life insurance policies, all motions were referred to the Honorable Steven M. Gold, magistrate judge, for Report and Recommendation ("R&R"). Judge Gold, in a thoughtful and well-analyzed decision dated January 12, 2016, has now recommended that the court deny defendant Shukti Singh's motion seeking leave for the Estate of decedent Sanjeev Singh to intervene with respect to the term life policy and for Singh and the Estate to file a second amended answer and third-party complaint; Judge Gold also has made an additional procedural recommendation for the resolution of this case. Shukti Singh (the decedent's mother), individually and as administrator of the Estate of Sanjeev Singh, has filed objections to the R&R; and the other defendant, Seema Sahani (the decedent's ex-wife) has responded, as has the plaintiff New York Life Insurance Company.

I. **Standard of Review**

In reviewing Judge Gold's R&R, I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Since there are objections to the R&R, my review is *de novo*. *See United States v. Male Juvenile*, 121

F.3d 34, 38 (2d Cir.1997); see also Fed. R. Civ. P. 72(b)(3). Upon *de novo* review, I now accept Judge Gold's recommendations in their entirety. The discussion below addresses my principal conclusions. Where an objection is not specifically addressed below, it is rejected as without merit.

## II. The Proposed Amendments

There can be no doubt that Judge Gold has correctly stated the standard for granting leave to amend and that he concluded that one appropriate basis for denying such leave is that the proposed amendment would be futile. The issue addressed by the parties is whether Judge Gold has reached the right legal conclusion as to the futility of each of the claims proposed. As noted above, I review these disputes *de novo*.

### A. Claims for Duress, Equitable Estoppel and Mistake of Fact

For the reasons well-stated by Judge Gold, I agree that these purported claims are not cognizable as "claims."

### B. Timeliness of Claims

I further agree with Judge Gold's conclusion that the proposed claims are barred by the statute of limitations. The six year statute applying to the non-fraud claims clearly had passed at the time the complaint was filed. With respect to the fraud claims, the limitations period can be extended for two years from discovery of the fraud or from when, with reasonable diligence, the fraud could have been discovered. N.Y. CPLR 213(8). But, as Judge Gold properly concluded, the discovery rule does not help defendant Singh because the decedent admittedly signed the documents making Sahani the owner, as well as the beneficiary, of both policies in 2007, shortly after their marriage. As Judge Gold found, a simple review of the documents revealed to a

2

person of ordinary intelligence that Sahani was not just a beneficiary but the owner of the policies. Under these circumstances, even if Sahani and her relatives intentionally misrepresented the substance of the documents to the decedent before he signed them, any fraud claims accrued in 2007, because of the decedent's opportunity to read the documents before he signed them. In sum, I agree with Judge Gold's reading of the applicable law and his conclusion that, under that law, the discovery rule is unavailing and any fraud claims accrued in 2007. Since they were not asserted until 2014, after the six year statute had run, they are time-barred.

### C. Claim under New York EPTL § 5-1.4

Judge Gold found that the claim proposed by Singh and the Estate under N.Y. EPTL § 5-1.4 is futile because it is not supported by the plain language of the statute. The statute provides that a divorce revokes any revocable appointment of property to or for the benefit of a former spouse, including a beneficiary designation in a life insurance policy. Judge Gold found the statute inapplicable here because the statute does not speak to ownership rights in policies, and Sahani is not merely the beneficiary of the policies but their owner.

In objecting to Judge Gold's conclusion that ownership rights are not revoked under the statute, Singh offers no New York authority reading the statute as she does and ignores Judge Gold's thoughtful analysis of the plain meaning of the statute. While recognizing that there is a difference between a beneficiary and an owner of a life insurance policy, Singh simply ignores the significance of reading the statute to revoke ownership rights upon divorce. She argues that the statute *should* cover ownership designations because in this case the owner is a proxy for the beneficiary, and the ownership designation will determine who will receive the death benefit. But this wishful position is not a substitute for an analysis of the statute; reading the statute as she proposes would dramatically enlarge its impact. Put simply, the statute, which addresses

3

"revocable" appointments or designations of life insurance beneficiaries "by a divorced individual," does not impose revocation where the policy is owned by the beneficiary and not by the decedent; once ownership of a policy transferred to Sahani, its beneficiary designation was not revocable by the decedent. Surely, had the state legislature intended to affect ownership rights in the way that Singh proposes, its language would have been explicit. This conclusion applies to each sub-section of Section 5-1.4 which Singh addresses. In sum, I adopt Judge Gold's analysis of the statute and reject that of Singh.

### D. Addition of the Estate as a Defendant

I agree with Judge Gold that there are no viable claims by the Estate in the proposed amended pleading and therefore deny the motion to add the Estate as proposed by Singh. However, as New York Life notes in its Response to Singh's Objections, there may be sound reasons for joining the Estate as a party defendant to this Interpleader Action. Therefore, New York Life may seek leave to amend to add the Estate as a party defendant, as set forth in the Conclusion of this decision.

## III. Jurisdiction/Abstention

Singh, in her objection to Judge Gold's report, notes that he did not act on her letter application to abstain in favor of an identical state court action she filed on the same day that she filed her motion in this court; she requests that, if she loses here, the court abstain in favor of the state court action. On its face, Singh's application for abstention appears to be meritless forum-shopping, but I will leave to Judge Gold whether he wishes to seek further briefing on this and other matters addressed in the parties' correspondence. Certainly, there is no question that this court has jurisdiction over the matter and the parties.

## IV. Singh's Request to Vacate the Referral to Judge Gold

Essentially because Singh disagrees with Judge Gold, she asks that the referral be vacated. This request, which has no sound basis, is denied. Judge Gold's labors, in this complicated case, have been enormously helpful to the parties and to me. Moreover, as noted above, Judge Gold's conclusions are subject to *de novo* review.

## CONCLUSION

For the reasons set forth above, Judge Gold's R&R of January 12, 2016 is adopted in its entirety. Singh's motion seeking leave for the Estate to intervene and for Singh and the Estate to file a second amended answer and third-party complaint is denied.

As Judge Gold recognized, the counterclaims and cross-claims in Singh's existing first amended answer are arguably subject to dismissal for some of the same reasons warranting denial of leave as to the proposed amendment. I therefore Order Singh to Show Cause why her pending counterclaims and cross-claims should not be dismissed and why the death benefits should not be paid to Sahani. I further Order Singh and Sahani to Show Cause why New York Life should not be permitted to amend its complaint to add the Estate as a defendant.

The schedule will be as follows: Singh's response is due by May 2, 2016, any opposition is due by May 23, 2016 and Singh may reply by May 30, 2016

5

I leave to Judge Gold, in the first instance, the timing and resolution of New York Life's request that the court order deposit of the death benefits into the court's registry and dismiss New York Life from the action.

Dated: Brooklyn, New York
April 11, 2016

SO ORDERED.

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**